IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV1010-MHT |
| ) | |
| MIKE COGGINS and DIANNE ) | |
| HARRELSON, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gene Coggins, proceeding *pro se*, has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). He has also filed a motion to use the appendix system (Doc. # 3). Upon consideration of the motions, it is

ORDERED that the motion to use the appendix system is DENIED, and the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff sues Mike Coggins and Dianne Harrelson, alleging that they have stolen property from him, committed fraud, and violated his constitutional rights by destroying and removing private property. Plaintiff styles his complaint as a criminal action and seeks

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

judgment against the defendants imposing a "sentence[] according to the established laws governing this action," and a fine of $250,000.00, to be trebled for any delay over thirty days or upon appeal.

"A private individual does not have standing to demand the criminal prosecution of another individual, let alone standing to prosecute the individual himself." Davit v. Davit, 173 Fed. Appx. 515 (7th Cir. Mar. 29, 2006)(unpublished opinion)(citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) and Johnson v. City of Evanston, Ill., 250 F.3d 560, 563 (7th Cir. 2001)); see also United States v. Nixon, 418 U.S. 683, 694 (1974)(A federal criminal prosecution is a "judicial proceeding in a federal court alleging violation of federal laws and is brought in the name of the United States as sovereign. . . . Under the authority of Art. II, § 2, Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government.")(citations omitted); Linda R.S., *supra*, 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Nguyen v. Green, 1993 WL 53164 (4th Cir. Mar. 2, 1993)(unpublished opinion), *cert. denied*, 508 U.S. 978 (1993)("Only the sovereign may bring criminal charges; a private citizen may not use the courts as a means of forcing a criminal prosecution.")(citing Nixon, *supra*).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B), as plaintiff lacks

standing to prosecute criminal charges against the defendants.[2]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 12, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of November, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] It is clear from the complaint that plaintiff's intent is to prosecute criminal charges against the defendants. The court declines to construe the complaint as one for civil damages because plaintiff has failed to allege any basis for federal civil jurisdiction over his claims.