IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS,            ) | |
|                          ) | |
|     Plaintiff,           ) | |
|                          ) | |
| v.                       ) | CIVIL ACTION NO. 3:07CV1010-MHT |
|                          ) | (WO) |
| MIKE COGGINS and DIANNE  ) | |
| HARRELSON,               ) | |
|                          ) | |
|     Defendants.          ) | |

**OPINION**

Plaintiff Gene Coggins, proceeding *pro se*, brings this action against defendants Mike Coggins and Dianne Harrelson, alleging that they have stolen property from him, committed fraud, and violated his constitutional rights by destroying and removing private property. Plaintiff styled his complaint as a criminal action and seeks criminal penalties against the defendants. On November 29, 2007, the Magistrate Judge recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff lacks standing to prosecute criminal charges against the defendants. The court declined to construe the complaint as one for civil damages because plaintiff failed to allege any basis for federal civil jurisdiction over his claims. The court allowed plaintiff until December 12, 2007, to object to the recommendation.

On that date, plaintiff filed a pleading styled "Amended Complaint and Motion for Default and Default Judgment." (Doc. # 8). Most of this pleading sets forth plaintiff's objections to the recommendation. As to amendment, plaintiff states in a single partial

sentence, "Where this complaint was original filed under criminal action, to satisfy this court, change this one word to civil action against his[.]" (Id., p. 4). With regard to default, plaintiff contends that defendants are in default because they have been served but have not replied to his complaint. (Id., pp. 4-5).

Even with plaintiff's amendment of the complaint to assert that he brings a civil action rather than criminal charges, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not alleged any facts whatsoever to establish that defendants are state actors; it is apparent from pleadings filed by plaintiff in other cases in this court that defendants are plaintiff's relatives and are not "state actors." Thus, plaintiff fails to state a federal constitutional claim against them. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Additionally, to the extent the amended complaint could be read to include state-law tort claims against defendants for conversion or fraud, this court declines to exercise supplemental jurisdiction over them in the absence of a cognizable federal claim. See Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) ("This court has noted that 'if the federal claims are dismissed prior to trial, [precedent] strongly encourages or even requires dismissal of state claims.'")(citation omitted).

Additionally, defendants were not served with the summons and complaint until December 4, 2007. Plaintiff is not entitled to default judgment. See Fed.R.Civ.P. 12(a)(1)(A)(i); Fed.R.Civ.P. 55.

The court construes the remainder of plaintiff's pleading as an objection to the recommendation of the Magistrate Judge, and the objections are meritless.

A separate judgment will be entered.

DONE, this the 18th day of December, 2007.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE